UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHANO HERNANDEZ PEREZ,

    Petitioner,

    v.

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,  UNITED
STATES ATTORNEY GENERAL,
DIRECTOR, IMMIGRATION AND
CUSTOMS ENFORCEMENT,
DIRECTOR, MIAMI FIELD
OFFICE, IMMIGRATION AND
CUSTOM ENFORCEMENT AND
REMOVAL OPERATIONS,
FLORIDA DIVISION OF
EMERGENCY MANAGEMENT,

    Respondents.

Case No. 2:25-cv-1052-KCD-NPM

**ORDER**

This dispute began as a contest over whether a noncitizen could be detained, but it returns to this Court as a battle over who pays the bill. After nearly a decade living in the United States, Petitioner Chano Hernandez Perez was detained by U.S. Immigration and Customs Enforcement. Perez then filed a habeas corpus petition challenging the statutory basis of his confinement. The Court granted the petition in part, holding that because of his lengthy residence in the United States, Perez was entitled to a bond hearing rather than mandatory detention.

With Perez prevailing on the merits, he now seeks attorneys' fees under the Equal Access to Justice Act (EAJA). To trigger EAJA, the following conditions must be met: (1) Perez must be the prevailing party in any civil action involving the United States; (2) the position of the United States must not have been substantially justified; (3) he must file a timely application for attorneys' fees; and (4) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A).[1]

No one disputes that Perez checks the boxes for the first, third, and fourth requirements: he is undeniably the prevailing party, his fee application arrived within the clock, and there are no special circumstances lurking here that would make an award unjust. The entire dispute boils down to whether the Government's position was "substantially justified."

On that score, the Government bears the burden of proof. It must show that its position was "justified to a degree that could satisfy a reasonable person" by having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Government need not show that it should win. An incorrect stance is still substantially justified if reasonable minds could reach the same conclusion. *Id.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

Perez entered the United States without inspection over a decade ago. Following his detention by ICE, the Government opted to hold him under 8 U.S.C. § 1225, which mandated his confinement. Perez successfully challenged the Government's rationale, with this Court holding that he was instead entitled to a bond hearing under 8 U.S.C. § 1226. Perez contends that applying § 1225 to an over decade-long resident lacks any reasonable basis in law. The Government responds that its interpretation was a plausible, good-faith reading of an ambiguous statutory scheme built on the foundation of unsettled law. The Court agrees with the Government.

First, the Government's position was anchored in a decision from the Board of Immigration Appeals (BIA). In *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), the BIA determined that immigration judges lack the authority to conduct bond hearings for noncitizens who are present in the United States without admission. Since BIA decisions bind immigration courts nationwide, the Government's reliance on *Yajure Hurtado* to defend its litigation position carries significant weight.

To be clear, this Court is not bound by administrative BIA precedent on questions of statutory or constitutional interpretation. However, when there is no binding precedent, the Government generally acts reasonably when it aligns its litigation position with the standards of the agency tasked with

3

administering those very statutes. *See, e.g.*, *Rosciszewski* v. *Adducci*, 983 F. Supp. 2d 910, 914-17 (E.D. Mich. 2013).

Second, this case presented a novel issue that has divided federal jurisdictions. While this Court ultimately distinguished the two statutes— deciding that § 1225 governs initial arrivals at the border and  § 1226 applies to noncitizens who have remained in the United States for many years—the decision was a complex question of statutory interpretation. Other judges have arrived at the opposite conclusion. The Fifth Circuit explicitly adopted the Government's interpretation, holding that noncitizens face mandatory detention regardless of their duration within the country. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026).

Since the statutory interpretation here is the subject of an active, nationwide, judicial split, the Government's position was a plausible, good- faith interpretation of an unsettled statutory scheme. The Government has met its burden of proving that its underlying position was substantially justified. Accordingly, Perez's Petition for Attorneys' Fees under EAJA (Doc. 14) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 25, 2026

_____

Kyle C. Dudek
United States District Judge

4